# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.   EDCV 12-02224 R (SS) | Date: December 28, 2012 |
| | Page 1 of 4 |

Title:   Manuel Lopez v. People of the State of California

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED (1) FOR LACK OF JURISDICTION AND (2) AS UNTIMELY**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Jacob Yerke | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

   None Present                                                        None Present

**PROCEEDINGS: (IN CHAMBERS)**

On November 28, 2012, Petitioner Manuel Lopez ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Petition at 15).[1]  In the Petition, Petitioner challenges his restitution fine imposed pursuant to a 2002 conviction for assault with a deadly weapon in violation of California Penal Code ("Penal Code") section 245(a)(1), assault with a firearm in violation of Penal Code section 245(a)(2), conspiracy to commit a crime in violation of California Penal Code section 182(a)(1), vandalism in violation of Penal Code section 594(b), mayhem

---

[1] The Court refers to the pages of the Petition as if they were consecutively paginated. Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  Here, the Petition was signed on November 28, 2012.  (Petition at 15).  Therefore, the Court will deem the Petition filed on that date.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    EDCV 12-02224 R (SS) | Date: December 28, 2012 |
| | Page 2 of 4 |

Title:    Manuel Lopez v. People of the State of California

in violation of California Penal Code section 203, aggravated mayhem in violation of California Penal Code section 205, and intimidation of witnesses and victims in violation of California Penal Code section 136.1(c). (Petition at 1). However, the Court believes it lacks jurisdiction over the Petition. Additionally, the Petition appears untimely.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court does not have jurisdiction if "it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Here, Petitioner's sole claim for relief is that the trial court failed to consider his ability to pay when restitution was imposed. (Petition at 5). However, the Ninth Circuit has held that because challenges to restitution fines do not allege that a person is wrongfully in custody, such challenges fail to confer habeas jurisdiction. See, e.g., Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."). Thus, Petitioner's claim does not appear to confer habeas jurisdiction upon this Court.

Further, even if Petitioner's claim were to somehow confer habeas jurisdiction upon this Court, the instant Petition appears to be untimely. A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A conviction becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on January 14, 2004, when the California Supreme Court denied his direct appeal.[2] Under 28 U.S.C. § 2244(d)(1), the limitations period began

---

[2] While Petitioner fails to specify when direct review was denied by the state supreme court, (Petition at 2), the Court notes that direct review was denied on January 14, 2004. Docket for S120454, http://appellatecases.courtinfo.ca.gov (select "Supreme Court"; then follow the "Search" hyperlink; then search for "S120454"; then follow the "Search by Case Number" hyperlink).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     EDCV 12-02224 R (SS)                    Date: December 28, 2012
                                                     Page 3 of 4

Title:       Manuel Lopez v. People of the State of California

to run the next day on January 15, 2004 and expired on January 15, 2005. The instant federal Petition was filed on November 28, 2012. Therefore, absent tolling, the Petition is untimely by seven years, ten months, and thirteen days.

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing state habeas petition after the AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted").

Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled."). Here, while it is unclear when Petitioner filed his first state habeas petition, the Superior Court of California denied that petition on May 22, 2012, seven years, four months, and seven days after the statute of limitations expired. (See Petition at 17). Petitioner then filed a habeas petition with the California Court of Appeal on June 8, 2012, seven years, four months, and twenty-four days after the statute of limitations expired. See Docket for RIF100292, http://appellatecases.courtinfo.ca.gov (select "Fourth Appellate District Div 2"; then follow the "Search" hyperlink; then search for "RIF100292"; then follow the "Search by Case Number" hyperlink). Finally, by the time Petitioner filed a habeas petition with the California Supreme Court on July 11, 2012, the statute of limitations was seven years, five months, and twenty-six days past its expiration. See Docket for S203965, http://appellatecases.courtinfo.ca.gov (select "Supreme Court"; then follow the "Search" hyperlink; then search for "S203965"; then follow the "Search by Case Number" hyperlink). Therefore, Petitioner does not appear entitled to statutory tolling.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    EDCV 12-02224 R (SS) | Date: December 28, 2012 |
| | Page 4 of 4 |

Title:    Manuel Lopez v. People of the State of California

      In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  Petitioner is advised, however, that he bears the burden of proof to demonstrate that he is entitled to equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

      Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed (1) for lack of jurisdiction; and (2) because it is barred by the statute of limitations.  Petitioner is advised to inform the Court of any reason that he may be entitled to statutory or equitable tolling.

      **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.**  However, **Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

      **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

      The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                         Initials of Deputy Clerk ___